

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*     (503) 727-1000
*Portland, OR 97204-2902*     *Fax (503) 727-1117*

RECEIVED JUN 15 2015 BY:

June 11, 2015

Jason Short
Attorney at Law
12755 SW 69th Avenue, Suite 200
Portland, OR 97223

      Re:    *United States v. Lauren Ann Nguyen,* 3:15-CR-00142-HZ
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  The defendant agrees to plead guilty to count one of the Indictment, which charges the crime of Felon in Possession of a Ammunition in violation of Title 18, United States Code, Sections 922(g)(1).

3.    **Penalties**:  The maximum sentence is ten years imprisonment, a fine of up to $250,000, three years of supervised release and a $100 fee assessment.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Relevant Conduct**:  The parties agree that the base offense level is 14 pursuant to USSG §2K2.1(a)(6) and that no specific offense characteristics apply.  The parties agree that following a two-level reduction for acceptance of responsibility, the total offense level, before departure is 12.

7.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that she

fully admits and accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Sentencing Recommendation**: The parties agree that pursuant to § 3553(a) a sentence of three years' probation with a condition of six months home detention should be imposed.

9. **Forfeiture of Ammunition and Property**: By signing this agreement, defendant hereby voluntarily forfeits and abandons all right, title and interest to the ammunition and other contraband material associated with this case.

10. **Additional Departures, Adjustments, or Variances**:
The parties agree not to seek any upward or downward departures, adjustments or variances.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. This offer is open until July 17, 2015.

Sincerely,

Billy J. Williams
Acting United States Attorney

Fred Weinhouse
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/18/15
Date

Lauren Ann Nguyen, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/18/15
Date

Jason Short, Attorney for Defendant